## ISABEL *v.* STATE OF INDIANA.

[No. 13,637. Filed May 16, 1929. Rehearing denied October 23, 1929.]

Q. *Austin East* and *Regester & Regester*, for appellant.
*Arthur L. Gilliom*, Attorney-General, and *Edward J. Lennon, Jr.*, Deputy Attorney-General, for the State.

LOCKYEAR, J.—Appellant was prosecuted by the State of Indiana upon a grand jury indictment returned against him, charging him with the crime of assault and battery with intent to kill. Upon a trial of the cause by a jury, a verdict was returned finding him guilty of assault and battery only, and that he be fined in the sum of $1,000 and imprisoned in the Indiana State Farm for a period of 180 days. From the judgment rendered upon the verdict, appellant comes to this court, assigning as error the overruling of his motion for a new trial.

The errors properly presented for consideration, as set out in the motion for a new trial, are that the court erred in giving instructions Nos. 1-8 and 12, and that the verdict of the jury is not sustained by sufficient evidence and is contrary to law.

The appellant was an employee at Alexander King Stone Company at Bedford, Indiana, in charge of a crane used in lifting stone. One Walter Hagan was running the crane. The appellant's duty was to give signals to Hagan, who was to operate the crane in obedience to the signals given by the appellant. The two

men got into an altercation over the way the signals were obeyed, but were kept from striking each other by other employees of the company. Hagan had a knife in his hand. The appellant walked to another place in the mill through a door, picked up a piece of wood, a heavy piece of a pick handle, and, as the said Hagan came near the door, he was struck over the head with the piece of wood, which appellant held in his hands. When Hagen was struck over the head with the piece of wood, he crumpled down on the ground and the knife which he held in his hand fell to the ground. Upon the facts proved at the trial, the appellant claimed that he acted in self-defense.

Complaint is made of instruction No. 1, and to that part thereof, which says: "When a defendant pleads that he is not guilty, in order to convict him, the state is required to prove all material allegations of the charge contained in the indictment by evidence that satisfies your mind of his guilt beyond a reasonable doubt." We have examined instruction No. 1 and find that, taken as a whole, it is not erroneous.

Instruction No. 8 gives a definition of the law of self-defense. Criticism is made of the statement: "that, before a person may exercise the right of self-defense, he must first be violently assaulted." It is admitted by the appellant that said instruction No. 8, as given by the court, was approved in the case of *Smith* v. *State* (1895), 142 Ind. 288, 41 N. E. 595, but it is contended that it does not apply to the case at bar. We are of the opinion that instruction No. 8 is not subject to the criticism of the appellant.

In instruction No. 12, the court said, among other things: "There are many other things than those I have mentioned here which your experience will tell tell you should be considered in determining these matters, but when you have considered them all,

and all in the light of the evidence produced before you, it remains for you to pass finally on the facts here involved, and to deal fairly with both the defendant and the State. If the defendant is innocent of the crime charged against him, he is entitled to certain vindication at your hands. If he is guilty, the solemn and important duty of holding him to answer rests with you and you alone. Courts cannot enforce the law without juries." Complaint is made of the clause: "There are many other things than those I have mentioned here which your experience will tell you should be considered in determining these matters." Also, the phrase "Courts cannot enforce the laws without juries" is assigned as error. These statements of the court of which complaint is made, cannot, in our judgment, when construed with all the instructions given, be held to be erroneous, although they are subject to criticism. In speaking of what weight should be given to the testimony and as to determining the credibility of witnesses, the court called attention to a number of things to be taken into consideration, such as interest, bias and prejudice of the witnesses, and the right to subject the evidence to any and all tests which they, as men of experience in everyday affairs of life may see fit to use to determine the probability or improbability of the facts testified to and, in this connection, there can certainly be nothing wrong in the court saying: "There are other things than those I have mentioned here which your experience will tell you should be considered in determining these matters," and especially when considered with the further instruction of the court telling the jury that it was to consider them all "in the light of the evidence" and that it remained for the jurors "to pass finally on the facts here involved, and to deal fairly with both the defendant and the State."

The jury was charged that if the defendant was innocent, he is entitled to vindication at their hands. If he

is guilty, the solemn and important duty of holding him to answer rests with you and you alone," then the words, "Courts cannot enforce the law without juries," can only mean that juries cannot transfer their burden to the court and evade a solemn duty, and, in the making of these statements, there was no error.

Judgment affirmed.